UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA LYMON,

    Plaintiff,

v.                                       CASE NO: 8:10-cv-1927-T-23TBM

ALLIED WORLD ASSURANCE
COMPANY (U.S.), INC.,

    Defendant.
_____/

## **ORDER**

The plaintiff moves (Doc. 15) unopposed to consolidate Case No. 8:10-cv-2769-T-23TBM with this action for discovery. The defendant files a "response to clarify the plaintiff's unopposed motion" and states (1) that the defendant "is adamantly opposed to consolidation for trial because a single trial on the markedly different claims for damages . . . will result in substantial prejudice to [the defendant]" and (2) argues that consolidation for trial should (if at all) follow discovery, because "[t]he parties have not briefed the issue of whether consolidation for trial is appropriate but have instead both reserved their rights to do so later." Accordingly, a March 9, 2011, order (Doc. 18) directs the parties to show cause in writing why the actions should not be consolidated for both discovery and trial. The plaintiff and the defendant respond (Docs. 19, 20).

Both actions arise from the collision of a "Freightliner truck and tank trailer" owned by Bynum Transport, Inc., and driven by Robert Bohn and a vehicle driven by Kendra Lymon. Kendra sustained severe injury as a result of the collision. Kendra's guardian,

Vanessa Lymon, presented a claim to both Bynum and Bohn's liability and excess liability insurers.  Purportedly unable to procure a settlement within the policy limit, Vanessa sued in state court and obtained a final judgment of $65 million against Bynum and Bohn.  Vanessa obtained partial satisfaction of the judgment against Bohn (in the amount of $17.8 million) and became both the judgment creditor of Bynum and Bohn and the assignee of Bynum's claim against the defendant, Bynum's excess liability insurer.  In this action, Vanessa sues the defendant for bad faith.  In the related action, Bohn sues the defendant also for bad faith.  Both Vanessa and Bohn seek as damages the balance of the unsatisfied judgment.  Additionally, Bohn seeks consequential damages based on "a deterioration of his physical health, financial loss, emotional distress, and a deterioration of his marital relationship."

Rule 42 aims to "'avoid unnecessary costs of delay,' and hence the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973) (quoting Rule 42(a), Federal Rules of Civil Procedure); Young v. City of Augusta, Ga., 59 F.3d 1160, 1169 (11th Cir. 1995) (finding that "[d]istrict court judges in this circuit 'have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion[.]'"") (quoting Gentry)); Dupont v. Southern Pac. Co., 366 F.2d 193, 195-96 (5th Cir. 1966).[1]  Consolidation requires determining if:

---

[1] Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), renders binding each decision of the former Fifth Circuit Court of Appeals rendered on or before September 30, 1981.

> the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

In this instance, the defendant argues (1) that "consolidation for trial is potentially prejudicial . . . and, certainly, premature" (emphasis omitted) and (2) that, because Bohn seeks "personal injury damages" and Vanessa seeks only "to recover an excess judgment," the "evidence required to prove Bohn's personal injury claim would be inadmissible in trial of Lymon's case, and Bohn's personal injury evidence is prejudicial to [the defendant] in a joint trial."  Vanessa argues (1) that no good cause prevents consolidation for both discovery and trial, (2) that the "core damages in both cases are fixed," (3) that the plaintiffs have a "unified theory of liability," (3) that consolidation will save both time and resources, (4) that a "finding of bad faith is a condition precedent to [Bohn's] claim for consequential damages," and (5) that a proper jury instruction will ensure that a finding as to liability precedes a determination as to Bohn's alleged consequential damages.

In this instance, both the risk of inconsistent judgments and of unnecessary cost and delay outweigh the minimal risk of potential prejudice to the defendant.  Each action asserts the same claim, arises from the same facts, and seeks payment of the same unsatisfied state court judgment.  A pertinent jury instruction will alleviate any risk of either prejudice or confusion as to Bohn's request for consequential damages.  To the

extent that discovery reveals a more significant risk prejudice, the defendant may later move for severance.

Thus, in accord with Rule 42(a), Federal Rules of Civil Procedure, the motion (Doc. 15) to consolidate for discovery only is **GRANTED IN PART** to the extent that the actions are consolidated for both discovery and trial.  The Clerk is directed to **CONSOLIDATE** with this action Case No. 8:10-cv-2769-T-23TBM.  The parties shall identify this action in every paper by including in the style of the case the case number **8:10-cv-1927-T-23TBM (Consolidated)**.  The plaintiffs shall file a consolidated complaint no later than **April 1, 2011**.

ORDERED in Tampa, Florida, on March 18, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE